# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DANIEL CLEON BURROUGHS                                              PLAINTIFF

VS.                                       1:19-CV-00101-BRW

BRIAN HALE, *et al.*                                                    DEFENDANTS

## ORDER

Plaintiff, who is in custody at the Van Buren County Detention Center, filed this case *pro se* under 42 U.S.C. § 1983, and submitted a Motion to Proceed *In Forma Pauperis* (Doc. Nos. 1, 2). Because Plaintiff provided the documentation required by 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* (Doc. No. 1) is GRANTED.[1]

**I.**     *In Forma Pauperis* **Application**

If a prisoner is permitted to file a civil action *in forma pauperis,* he still must pay the $350.00 filing fee.[2] The only question is whether he will pay the entire filing fee at the beginning of the lawsuit or pay in installments over a period of time.[3] To proceed *in forma pauperis*, an inmate must file an application and attach a calculation sheet that shows his trust

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2):

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

[2] 28 U.S.C. §1915(b)(1).

[3] *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

account balances.[4] Based on the information provided, the Court will determine how the filing fee is to be paid. If an inmate is allowed to pay over time, he has to pay all of the filing fee, even if the case is dismissed before trial, and no part of the fee will be refunded.

Plaintiff's calculation sheet shows that he has an average monthly deposit of $197.00.[5] I assess an initial partial filing fee of $39.40. His present custodian, the Administrator of the Van Buren County Detention Center, or his or her designee, or any future custodian, will collect the initial partial filing fee regardless of the balance of his prisoner trust account and thereafter will collect the remainder of the $350.00 filing fee in monthly payments of 20% of the preceding month's income credited to Plaintiff's inmate trust account, whenever the account has more than $10.00. The payments should be clearly identified by the name and number assigned to this action.

## II. Screening

I must screen prisoner complaints that seek relief against a government entity, officer, or employee.[6] I will dismiss any part of a complaint raising claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek money from a defendant who is immune from paying damages.[7]

Plaintiff alleges that on December 13, 2018, Jarome Guthrie was driving Plaintiff away from a meeting with his parole officer when the vehicle was unlawfully stopped and searched;

---

[4] The calculation sheet must be signed by an authorized officer at the facility or unit where the inmate is being held.

[5] Doc. No. 1.

[6] 28 U.S.C. § 1915A; 28 U.S.C. § 1915.

[7] 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e).

Plaintiff asks that resulting case against him be dismissed and seeks damages.[8] Public records show that Plaintiff is scheduled for a jury trial on December 4-6, 2019, in Van Buren County, Arkansas, on drug charges that arose from the allegedly unlawful search.[9] Plaintiff's claims in his federal case should be stayed. In *Younger v. Harris*,[10] the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.[11]

The *Younger* abstention doctrine is appropriate where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue for reviewing his constitutional claims in state court.[12] Here, Arkansas has an important interest in adjudicating the charges against Plaintiff, and he may raise the constitutional issues before the state court. Plaintiff has not pled any extraordinary circumstances that would warrant intervention in the state proceedings.[13] When, as here, a plaintiff seeks damages, his case should be stayed under *Younger*, rather than dismissed.[14] Accordingly, Plaintiff's case is

---

[8] Doc. No. 2.

[9] *State v. Burroughs*, 12CR-19-15.

[10] 401 U.S. 37, 43-45 (1971).

[11] *Id*. at 44.

[12] *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994).

[13] *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

[14] *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998).

administratively terminated until the criminal charges against him have been fully resolved, including any appeal.

## CONCLUSION

1. Plaintiff's Motion For Leave to Procced *In Forma Pauperis* (Doc. No. 1) is GRANTED.

2. Plaintiff's present custodian, the Administrator of the Van Buren County Detention Center, or his or her designee, or any future custodian, will collect the $39.40 initial filing fee and thereafter the remainder of the $350.00 filing fee in monthly payments of 20% of the preceding month's income credited to Plaintiff's inmate trust account, whenever the account has more than $10.00. The payments should be clearly identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to send a copy of this Order to the Administrator of the Van Buren County Detention Center, P.O. Box 451, Clinton, Arkansas 72031.

4. The Clerk of the Court is further directed to stay and administratively terminate this proceeding pending final disposition of Plaintiff's criminal charges.

5. This case is subject to reopening upon Plaintiff's filing of a motion to reopen the case after such final disposition.

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 10th day of October, 2019.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE